Case 2:15-cv-00419-JES-CM   Document 1   Filed 07/13/15   Page 1 of 10 PageID 1

FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division

15 JUL 13 AM 10: 45

CLERK,
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HOSPMAN, LLC,<br><br>Defendant. | Case No.:<br><br>2:15-cv-419-FtM-29CM |

**PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (Black) and to provide appropriate relief to Tinica Jones ("Ms. Jones"), Risha Stewart ("Ms. Stewart"), Yvonna L. Starke ("Ms. Starke"), and other similarly aggrieved Black individuals who were adversely affected by such practices. As alleged with greater particularly below, Defendant Hospman, LLC ("Hospman" or "Defendant") terminated Ms. Jones, Ms. Stewart, Ms. Starke, and other Black employees because of race.

**JURISDICTION AND VENUE**

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (f)(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (f)(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   The employment practices alleged to be unlawful were committed within the

-1-

jurisdiction of the United States District Court for the Middle District of Florida, Ft. Myers Division.

## PARTIES

3. Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (f)(3).

4. At all relevant times, Defendant has been a Florida professional corporation doing business in the State of Florida and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Ms. Jones, Ms. Stewart, and Ms. Starke filed administrative charges of discrimination with the Commission alleging violations of Title VII by Defendant.

7. The Commission conducted an investigation of each charge and, on or about September 10, 2014, issued to Defendant Letters of Determination finding reasonable cause to believe that Ms. Stewart, Ms. Starke, Ms. Jones, and other Black individuals working in the housekeeping department of the Floridian Airport Inn were discriminatorily discharged

by Hospman because of race, in violation of Title VII. Efforts to conciliate were unsuccessful.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

9. Defendant Hospman, LLC is a Florida corporation that provides hospitality management services to hotels in the Ft. Myers area.

10. Jose Carvalho is the Chief Executive Officer of Hospman and has managed the day-to-day business operations of Hospman at all times relevant to the complaint.

11. Beginning on or about August 8, 2012, Defendant Hospman took over the management and operation of the Floridian Airport Inn (hereinafter "Floridian"), now known as the Four Points by Sheraton Fort Myers Airport, located in Ft. Myers, Florida.

12. On about August 8, 2012, Jose Carvalho ("Mr. Carvalho") held a meeting for then-existing employees at the Floridian in which he advised that the Floridian would be operating under new ownership and new management.

### Charging Party Tinica Jones

13. Charging Party Tinica Jones, a Black female, was hired as a housekeeper at the Floridian in or around April 2010.

14. Ms. Jones was promoted to Housekeeping Supervisor.

15. Ms. Jones worked as Housekeeping Supervisor until about August 16, 2012, when Hospman terminated her employment.

16. Tinica Jones performed the duties of her position successfully.

17. After holding an all-staff meeting at the Floridian on or about August 8, 2012,

Jose Carvalho met separately with Ms. Jones.

18. During this meeting, Carvalho directed Ms. Jones to terminate all of the housekeepers.

19. At the time of the meeting between Carvalho and Ms. Jones, all of the housekeepers working at the Floridian were non-Hispanic.

20. At the time of the meeting between Carvalho and Ms. Jones, all of the housekeepers working at the Floridian but one were Black.

21. Carvalho told Ms. Jones to fire the housekeepers because "I don't work with those people."

22. During the same meeting, Mr. Carvalho asked Ms. Jones about her race. When Ms. Jones told Mr. Carvalho that she was Black, Indian, and Canadian, Mr. Carvalho replied that Ms. Jones "look[ed] Spanish."

23. Mr. Carvalho then told Ms. Jones that her services would no longer be needed at the Floridian after her wedding, which was scheduled for August 18, 2012, and for which Ms. Jones had booked approximately 60 rooms at the Floridian.

24. Pursuant to Mr. Carvalho's directive, Ms. Jones advised all of the housekeepers that they were terminated.

25. Ms. Jones was replaced as Housekeeping Supervisor by an individual who is not Black.

26. Charging Party Tinica Jones and a class of similarly aggrieved Black employees in the Floridian's housekeeping department were terminated by Hospman because of their race.

27. As a result of Hospman's unlawful employment practices, Ms. Jones and a class of Black employees whom Hospman discharged from the Floridian's housekeeping department, suffered damages.

### Charging Party Yvonna Starke

28. Charging Party Yvonna Starke, a Black female, was employed as a housekeeper at the Floridian from about April 2012 until Hospman terminated her employment on or around August 13, 2012.

29. Ms. Starke's supervisor was Tinica Jones.

30. Ms. Starke performed the duties of her position successfully.

31. Prior to her termination, Ms. Starke met with the individual who was to replace Ms. Jones as the Housekeeping Supervisor at the Floridian, Maria Del Rosario Lira Alvarado ("Ms. Alvarado").

32. Ms. Alvarado is not Black.

33. Ms. Alvarado told Ms. Starke that Mr. Carvalho does not work with Black people. This statement was made in the immediate presence of Mr. Carvalho himself.

34. Pursuant to Mr. Carvalho's direction, Ms. Jones communicated to Ms. Starke that her employment had been terminated because Mr. Carvalho only works with his own kind of people.

35. Ms. Starke was replaced as a housekeeper by one or more individual[s] who is not Black.

36. Charging Party Yvonna Starke was terminated by Hospman because of her race.

37. As a result of Hospman's unlawful employment practices, Ms. Starke suffered damages.

## Charging Party Risha Stewart

38. Charging Party Risha Stewart, a Black female, was employed as a front desk attendant at the Floridian from about February 2012 until Hospman terminated her employment on or around August 18, 2012.

39. Risha Stewart performed the duties of her position successfully.

40. Ms. Stewart was the only Black front desk attendant working at the Floridian when Hospman assumed management in August 2012.

41. On August 21, 2012, Hospman prepared a termination letter for Ms. Stewart, which states that the Floridian went under new ownership on August 8, 2012, that the staff that had been in place would not be rehired, and that Ms. Stewart's final day of work at the Floridian was August 18, 2012.

42. Ms. Stewart was the only member of the front desk staff to be terminated by Hospman in August 2012, while at least four other front desk attendants, none of whom are Black, were allowed to continue their employment.

43. Ms. Stewart was replaced as a front desk attendant by one or more individual[s] who is not Black.

44. Charging Party Risha Stewart was terminated by Hospman because of her race.

45. As a result of Hospman's unlawful employment practices, Ms. Stewart suffered damages.

## STATEMENT OF CLAIMS

46.     Paragraphs 10 through 45 are fully incorporated herein.

47.     Defendant engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by terminating the employment of Ms. Stewart, Ms. Starke, Ms. Jones, and a class of Black employees in the Floridian's housekeeping department because of their race (Black).

48.     The effect of the practices complained of in paragraphs 10 through 45 above has been to deprive Ms. Stewart, Ms. Starke, Ms. Jones, and a class of Black housekeeping employees who were discharged by Hospman of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

49.     The unlawful employment practices complained of in paragraphs 10 through 45 above were intentional.

50.     The unlawful employment practices complained of in paragraphs 10 through 45 above were done with malice or with reckless indifference to the federally protected rights of Ms. Stewart, Ms. Starke, Ms. Jones, and a class of Black employees in the Floridian's housekeeping department.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates against an employee or applicant because of their race;

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black employees and applicants, and which eradicate the effects of its past and present unlawful employment practices;

C.  Order Defendant to make whole Ms. Stewart, Ms. Starke, Ms. Jones, and a class of Black housekeeping employees who were discharged by Hospman by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay where appropriate;

D.  Order Defendant to make whole Ms. Stewart, Ms. Starke, Ms. Jones, and a class of Black housekeeping employees who were discharged by Hospman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-45 above, including medical losses, job search expenses, and other losses, in amounts to be determined at trial;

E.  Order Defendant to make whole Ms. Stewart, Ms. Starke, Ms. Jones, and a class of Black housekeeping employees who were discharged by Hospman by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 10-45 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.  Order Defendant to pay Ms. Stewart, Ms. Starke, Ms. Jones, and a class of Black employees in the Floridian's housekeeping department who were discharged by

Hospman punitive damages for its malicious and reckless conduct described in paragraphs 10-45 above, in amounts to be determined at trial;

    G.    Grant such further relief as the Court deems necessary and proper in the public interest;

    H.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ  
General Counsel

JAMES LEE  
Deputy General Counsel

GWENDOLYN YOUNG REAMS  
Associate General Counsel

U.S. EQUAL EMPLOYMENT  
OPPORTUNITY COMMISSION  
131 M Street, N.E.  
Washington, DC 20507

ROBERT E. WEISBERG  
Regional Attorney  
Florida Bar No. 285676

KIMBERLY A. CRUZ  
Supervisory Trial Attorney  
Florida Bar No. 153729

SAMANTHA WILLIAMS  
TRIAL COUNSEL

Trial Attorney
Florida Bar No. 0107117

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Telephone: 305-808-1771
Facsimile: 305-808-1835
Email: samantha.williams@eeoc.gov