UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.                                         Case No: 2:15-cv-419-FtM-29CM

HOSPMAN, LLC,

      Defendant.

## ORDER

Before the Court is Plaintiff Equal Employment Opportunity Commission's Motion to Strike Answer of Defendant Hospman, LLC (Doc. 14), filed on October 29, 2015. Plaintiff's Local Rule 3.01(g) certification states that Defendant opposes the relief sought in the motion. Doc. 14 at 4. Defendant, however, has not filed a response is opposition, and the time has expired for it to do so. Failure to file a response creates a presumption that the motion is unopposed. *Great American Assur. Co. v. Sanchuk, LLC*, 2012 WL 195526 *3 (M.D. Fla. 2012) (citation omitted). The motion is now ripe for review.

Plaintiff requests that the Court strike the answer (Doc. 8) filed by Defendant on August 24, 2015. Doc. 14 at 1. As grounds Plaintiff states that Defendant filed the answer but the pleading was not signed. *Id.* at 2. Subsequently on August 31, 2015, Defendant filed a second answer (Doc. 10), which was signed. *Id.* As a result, two answers have been filed. *Id.* Plaintiff's counsel states that he spoke with

Defendant's counsel regarding the issue and Defendant's counsel agreed to withdraw one of the two answers. *Id.* To date, however, Defendant has not withdrawn one of the answers. *Id.* Accordingly, Plaintiff requests that the Court strike Defendant's August 27, 2015 answer.

Under Federal Rule 11(a), "[t]he Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's attention." Fed. R. Civ. P. 11(a). Here, Defendant's counsel has been notified of the omission and rather than correcting the original answer, Defendant's counsel filed a second answer on behalf of Defendant. Therefore, the Court will strike the unsigned pleading.

Also before the Court is Defendant's Motion for an Attorney to be Admitted Pro Hac Vice (Doc. 15), filed November 18, 2015. Defendant requests that Attorney Norman A. Matthews appear *pro hac vice* in this matter.

Middle District of Florida Local Rule 2.02 states, "[a]ny attorney who is not a resident of Florida but who is a member in good standing of the bar of any District Court of the United States; outside Florida; may appear specially as counsel of record...." Here, the motion states that Attorney Matthews is licensed to practice in the State of California but it does not state whether he is a member in good standing of the bar of any District Court of the United States. Doc. 15 at 1. Additionally, the Court notes that the motion does not comply with Local Rule 3.01(g), which states that the moving party *shall* confer with counsel for the opposing party before filing any motion in a civil case, except certain motions not presently before the Court.

Accordingly, the Court will deny without prejudice Defendant's motion and allow Defendant to re-file the motion in accordance with the local rules.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff Equal Employment Opportunity Commission's Motion to Strike Answer of Defendant Hospman, LLC (Doc. 14) is **GRANTED**.

2. The Clerk is directed to **STRIKE** Defendant's Answer (Doc. 8).

3. Defendant's Motion for an Attorney to be Admitted Pro Hac Vice (Doc. 15) is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of November, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record