UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.                                        Case No:   2:15-cv-419-FtM-29CM

HOSPMAN, LLC,

      Defendant.

_____

## ORDER

This matter comes before the Court upon review of Plaintiff Equal Employment Opportunity Commission's Motion to Compel Compliance with Court Order and for Sanctions (Doc. 38) filed on September 20, 2016; Plaintiff's Motion for an Order Holding Non-party Witness Maria del Lira Alvarado in Contempt (Doc. 39) filed on September 29, 2016; Plaintiff's Motion for an Order Holding Non-party Witness Jose Carvalho in Contempt (Doc. 40) filed on October 5, 2016; and the Second Joint Motion to Extend Pre-trial and Trial Deadlines by Ninety (90) Days (Doc. 41) filed on October 11, 2016.   Defendant has not responded to Plaintiff's motion to compel (Doc. 38), and the time to do so has expired.   Defendant does not oppose Plaintiff's motions to hold two witnesses in contempt.   Doc. 39 at 7; Doc. 40 at 8.

### I.    Background

On July 13, 2015, Plaintiff filed this lawsuit against Defendant, alleging that Defendant unlawfully terminated Tinica Jones, Yvonna Starke, and Risha Stewart,

along with a class of Black housekeepers from their positions at the Floridian Airport Inn (the "Floridian") in violation of Title VII.   Doc. 38 at 2.   Defendant alleges that it fired the named employees and putative class members for legitimate business reasons related to the Floridian's financial condition.   Doc. 10 ¶ 55.

On November 4, 2015, Plaintiff served its First Set of Interrogatories and First Request for Production.   Doc. 38 at 2.   Defendant did not respond to Plaintiff's discovery requests, and Plaintiff subsequently filed a motion to compel on December 29, 2015.   Doc. 19.   On January 26, 2016, the Court held a telephonic hearing on Plaintiff's motion to compel (Doc. 19) and granted the motion.   Docs. 21, 26.   The Court ordered Defendant to serve complete and verified responses to Plaintiff's First Set of Interrogatories on or before January 29, 2016 and to Plaintiff's First Request for Production on or before February 26, 2016.   Doc. 26.

Eight months later, on September 20, 2016, Plaintiff filed the instant motion to compel on the ground that Defendant did not comply with the Court's order to answer Plaintiff's discovery requests (Doc. 26).   Doc. 38.   Plaintiff states that Defendant served incomplete responses to Plaintiff's interrogatories on January 26, 2016 and revised its responses on January 29, 2016, which still were deficient.   *Id.* at 3.   When Plaintiff notified Defendant of the responses' deficiencies, Defendant responded that it would review its records and supplement its responses.   *Id.* at 4. On March 9, 2016, Defendant produced documents late in response to Plaintiff's requests for production, stating that it will be producing responsive documents to Requests Nos. 13 through 39.   *Id.*   After Plaintiff contacted Defendant's counsel

several times, Defendant produced the documents on April 15, 2016 in the form of forty-seven (47) e-mail attachments.   *Id.*

The parties conferred by telephone on May 12, 2016, during which Plaintiff asked Defendant's counsel to produce documents with Bates numbers.   *Id.* at 5. Defendant's counsel again promised that he would provide a supplemental production, but did not do so.   *Id.*   On June 1, 2016, Plaintiff again contacted Defendant to request the supplemental production.   *Id.*   On June 13, 2016, Defendant assured Plaintiff that it would produce the requested documents by June 17, 2016.   *Id.*   Defendant finally served Plaintiff with a supplemental production on July 13, 2016, which still was deficient.   *Id.* at 6.   When Plaintiff contacted Defendant's counsel again regarding the deficiencies, Defendant answered he would respond by September 13, 2016.   *Id.* at 8.   Defendant's counsel, however, requested an extension of time on September 13, 2016 and still has not produced the requested documents.   *Id.* at 8-9.

## II.   Plaintiff's Motion to Compel Compliance with Court Order and for Sanctions (Doc. 38)

Plaintiff alleges that a number of its discovery requests, specifically Interrogatories Nos. 1-6, 1-7, and 1-8 and Requests for Production Nos. 1-4, 1-7, 1-8, 1-20, 1-23, 1-27, and 1-34, remain outstanding.   *Id.* at 6-8.   Interrogatories Nos. 1-6, 1-7, and 1-8 seek the information concerning Defendant's employees who were hired (No. 1-6) or assigned (No. 1-7) to work at the Floridian, or who have held a position at the Best Western Fort Myers (No. 1-8), a hotel property managed by Defendant.   *Id.* at 6; Doc. 38-1 at 11-13.   The interrogatories ask for the employee's

"name, race, position title at termination, date of hire, position at hire, if promoted,

[] position at promotion and date of promotion, date of termination, each and every

reason Defendant terminated each individual named, and last known contact

information."   Doc. 38 at 6; Doc. 38-1 at 11-13.[1]

Plaintiff's Requests for Production Nos. 1-4 and 1-7 seek the employees'

personal information from August 2012 (No. 1-4) and work schedules since January

1, 2012 (No. 1-7).   Doc. 38 at 7; Doc. 38-1 at 29-30.   Plaintiff's Requests for

Production Nos. 1-8, 1-20, 1-23, 1-27, and 1-34 seek documents regarding the reasons

for terminating Defendant's employees (No. 1-8), the Floridian's financial conditions

as alleged by Defendant (No. 1-20), the rates charged per room at the Floridian (No.

1-23), Defendant's finances (No. 1-27), and Defendant's relationship with Jassas

Capital from January 2011 (No. 1-34).[2]   Doc. 38 at 7-8; Doc. 38-1 at 30-31, 33-35, 37.

The Court finds persuasive Plaintiff's argument that Defendant did not comply

with the Order (Doc. 26).   Doc. 38 at 9.   As Plaintiff points out, Defendant served

incomplete responses and document productions in violation of the Order (Doc. 26),

---

[1] For example, Interrogatory No. 1-4 states:

> Identify each employee who was terminated by Hospman from
> the Floridian in August 2012 and provide his or her name, race,
> position title at termination, date of hire, position at hire, if
> promoted, provide position at promotion and date of promotion,
> date of termination, each and every reason Defendant
> terminated each individual named, and last known contact
> information (home address, home telephone numbers, cellular
> phone numbers, and email addresses).

Doc. 38-1 at 9.

[2] Plaintiff alleges that it needs documents regarding Defendant's finances and hotel
business to support or rebut Defendant's defense that Defendant fired the employees due to
business reasons related to the Floridian's financial condition.   Doc. 38 at 7.

which requires Defendant to provide complete and verified responses to Plaintiff's discovery requests. *Id.*; Doc. 26 at 2.   First, Defendant's responses to Interrogatories Nos. 1-6, 1-7, and 1-8 do not include much of the requested information, such as the racial identification, reasons for separation, and last known contact information of many employees.   Doc. 38 at 10; Doc. 38-2 at 9-17.   Second, Defendant produced some of the requested documents, but responded to a number of Plaintiff's requests for production that Defendant will produce the requested documents.   Doc. 38-6 at 3-4, 6, 12, 13, 16, 21.   Instead of producing the complete set of the requested documents, however, Defendant continuously has misled Plaintiff to believe that it will produce the requested the documents soon, and yet has not supplemented its deficient responses and production.   Doc. 38 at 5-6, 10.

Based on Defendant's non-compliance with the Order (Doc. 26), Plaintiff seeks the Court's sanctions of Defendant.   *Id.* at 10-12.   Plaintiff alleges that Defendant's incomplete responses have deprived Plaintiff of critical information needed to assess Defendant's defense that it fired the employees due to the Floridian's financial conditions.   *Id.* at 12.   Given Plaintiff's inability to assess Defendant's defense, Plaintiff argues that preventing Defendant from asserting its business justification for terminating the employees at summary judgment, in pretrial submissions or at trial would be an appropriate sanction.   *Id.*

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that if a party fails to obey a discovery order, the court where the action is pending may issue "further just orders" such as:

> (i)      directing that the matters embraced in the order or other designed facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

The courts enjoys "substantial discretion in deciding whether and how to impose sanctions under Rule 37." *Chudasama v. Mazada Motor Corp.*, 123 F.3d. 1353, 1366 (11th Cir. 1997). In imposing sanctions, the court may consider "the unsuitability of another remedy, the intransigence of a party, and the absence of an excuse." *Watkis v. Payless ShoeSource, Inc.*, 174 F.R.D. 113, 116 (M.D. Fla. 1997). A finding of willfulness or bad faith failure is necessary only if the court imposes the most severe sanction such as default or dismissal. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994) ("A court may impose lesser sanctions without a showing of willfulness or bad faith on the part of the disobedient party.").

In addition, if a party has responded to an interrogatory, request for production, or request for admission, it must supplement its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). If the party does not comply with Rule 26(e), the party "is not allowed to use that information [] to supply evidence on a motion, at a

hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, Defendant did not comply with the Court's Order (Doc. 26) and Rule 26(e), warranting sanctions under Rules 37(b)(2) and 37(c)(1).   On January 27, 2016, the Court clearly stated that Defendant must provide "complete and verified responses" to the interrogatories by January 29, 2016 and to the requests for production by February 26, 2016.   Doc. 26.   Nine months later, Plaintiff's exhibits and motion show that Defendant had evaded the Court's order by serving incomplete responses.   Docs. 38, 38-2.   When Plaintiff notified Defendant of the deficiencies, Defendant continuously had misled Plaintiff to believe that it would shortly supplement its responses and did not comply with its duty to supplement under Rule 26(e).   Docs. 38-3, 38-4, 38-7, 38-8, 38-9, 38-10, 38-12, 38-14, 38-15.   After waiting nine months for Defendant to fully respond, when Plaintiff finally filed this motion, Defendant did not even attempt to explain its conduct by failing to respond to the motion.   Doc. 38; *Watkis*, 174 F.R.D. at 116 (holding that absence of an excuse is a consideration in imposing sanctions).

In addition, Plaintiff seeks the award of its reasonable expenses caused by Defendant's discovery abuse.   Doc. 38 at 12-13.   Rule 37(b)(2)(C) mandates the court to order "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."   Here, the Court does not find that Defendant's failure was substantially

justified or other circumstances make an award of expenses unjust.   *See* Fed. R. Civ.
P. 37(b)(2)(C).   Defendant had nine months to fully respond to the discovery
requests.   Docs. 26, 38.   Instead of fully responding to the discovery requests,
Defendant continuously has made false promises and also chose not to respond to the
present motion.   Docs. 26, 38.

Plaintiff, however, has provided no documentation as to the amount of time
expended preparing the present motion or the hourly rate.   Doc. 38 at 12-13.   When
a party makes a claim for fees, it is the party's burden to establish entitlement and
document the appropriate hours and hourly rate.   *Am. Civil Liberties Union of
Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing
Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).   Thus, the Court orders
Plaintiff to provide a supplemental briefing on its hourly rate and the amount of time
associated with the preparation and its filing of this motion (Doc. 38).

Based on the above analysis, the Court orders Defendant to show cause in
writing as to why Defendant should not be sanctioned under Rules 37(b)(2)(A),
37(c)(1), and 37(b)(2)(C) for not complying with the Order (Doc. 26) and Rule 26(e).
Under Rules 37(b)(2)(A) and 37(c)(1), the Court may order that Defendant be barred
from claiming its business justifications for terminating the charging parties and
putative class members or presenting such evidence at summary judgment, in
pretrial submissions, or at trial.   Doc. 38 at 12; *see* Fed. R. Civ. P. 37(b)(2)(A),
37(c)(1).   Pursuant to Rule 37(b)(2)(C), the Court also may award Plaintiff
reasonable attorney's fees and costs associated with the preparation and its filing of

this motion (Doc. 38).   *See* Fed. R. Civ. P. 37(b)(2)(C).   Given the severity of the

sanction to bar Defendant's defense and Defendant's non-response to this motion to

compel (Doc. 38), however, the Court will give Defendant one final opportunity to

explain its conduct and to respond to Plaintiff's supplemental briefing before

imposing sanctions.   Meanwhile, Plaintiff's motion to compel and for sanctions (Doc.

38) is taken under advisement pending the Court's resolution of the Order to Show

Cause.

III.    **Plaintiff's Motions for an Order Holding Non-party Witnesses Maria Del
Lira Alvarado (Doc. 39) and Jose Carvalho (Doc. 40) in Contempt**

Plaintiff alleges that two non-party witnesses, Maria del Lira Alvarado and

Jose Carvalho, did not appear for depositions after being served with federal

subpoenas.   Doc. 39 at 1; Doc. 40 at 1.   Jose Carvalho was Defendant's Chief

Executive Officer who terminated the charging parties and class members.   Doc. 40

at 2.   Maria Alvarado, identified as a key witness on Defendant's Initial Disclosures,

is a person whose information is likely to support Defendant's defense.   Doc. 39 at 2.

Plaintiff has attempted to conduct Ms. Alvarado's and Mr. Carvalho's depositions

since November 2015.   Doc. 39 at 2; Doc. 40 at 2.   Plaintiff served subpoenas to the

two witnesses for depositions, but cancelled and rescheduled their depositions three

times for various reasons.   Doc. 39 at 2-3; Doc. 40 at 2-3; Docs. 39-2, 39-3, 40-2, 40-

3.

With respect to Mr. Carvalho, Plaintiff contacted Defendant's counsel and Mr.

Carvalho to reschedule a third deposition and learned that Mr. Carvalho is

represented by his own counsel, Jack Morgan.   Doc. 40 at 4.   After conferring with

Mr. Carvalho's counsel, Plaintiff scheduled a third deposition of Mr. Carvalho on September 22, 2016 and issued new notice on September 6, 2016.   *Id.*   Mr. Carvalho, however, notified Plaintiff that he planned to be out of the country and requested to reschedule his deposition.   *Id.*   Plaintiff did not reschedule the deposition this time and reminded him of his duty to appear for the deposition.   *Id.*   Mr. Carvalho, however, did not appear for the deposition on September 22, 2016.   *Id.* at 5.

With respect to Ms. Alvarado, Plaintiff scheduled her third deposition on September 23, 2016 and provided her with new notice by mail and by phone.   Doc. 39 at 4.   On September 12, 2016, Plaintiff also issued a third subpoena to ensure her presence even though she was still under the existing second subpoena served on June 28, 2016.   *Id.*   Ms. Alvarado, however, evaded service of the third subpoena and did not appear for the deposition.   *Id.*; Doc. 39-7.[3]   Based on their failures to attend the scheduled depositions, Plaintiff asks the Court to hold the two witnesses in contempt pursuant to Rule 45(g).   Doc. 39 at 4; Doc. 40 at 5.

Under Rule 45(a)(1)(B), a party may command a non-party witness to attend a deposition by issuing a subpoena.   By issuing a subpoena, the party is invoking the court's power to require a non-party to attend a deposition.   *Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 694 (M.D. Fla. 2006).   "A subpoena presents a continuing duty to appear and does not expire upon its stated date."   *Shulton, Inc. v. Optel Corp.*, 126 F.R.D. 80, 81 (S.D. Fla. 1989).   Hence, if the party cancels and

---

[3] Plaintiff attached Certificates of Nonappearance for both Ms. Alvarado and Mr. Carvalho.   Docs. 40-13, 39-8.

reschedules a deposition after issuing a subpoena with a specific date, a witness still is under a continuing duty to appear for a rescheduled deposition. *Id.* A person or party may resist the subpoena by challenging the validity of the subpoena or filing a motion for protective order or motion to quash. *Id.* If a person, however, "fails without adequate excuse to obey the subpoena," the court may hold that person in contempt. Fed. R. Civ. P. 45(g). Here, although Ms. Alvarado and Mr. Carvalho were twice served with subpoenas, they did not appear for their depositions and have not demonstrated good cause for their non-appearances. Docs. 39-2 at 5; 39-3 at 5; 39-8; Doc. 40-2 at 5; 40-3 at 5; 40-13. Having considered the motion, the Court directs Jose Carvalho and Maria del Lira Alvarado to show cause in writing as to why sanctions should not be imposed on them for failure to obey a federal subpoena. Furthermore, the Court orders Jose Carvalho and Maria del Lira Alvarado to appear at depositions on or before October 27, 2016 at a place and time arranged by the parties.

## IV. The Second Joint Motion to Extend Pre-trial and Trial Deadlines by Ninety (90) Days

On February 5, 2016, the Court entered a Case Management and Scheduling Order ("CMSO"), setting the discovery deadline to August 15, 2016, the mediation deadline to August 31, 2016, the deadline for dispositive motions to September 16, 2016, and a trial term of March 6, 2017. Doc. 29. On July 28, 2016, the parties jointly moved to extend the CMSO deadlines, which the Court granted. Docs. 34, 35. The Court entered an amended CMSO, extending the discovery deadline to October 14, 2016, the mediation deadline to October 31, 2016, the deadline for dispositive

motions to November 15, 2016, and the trial term to May 1, 2017.   Doc. 36.   Plaintiff seeks another extension of ninety (90) days because its motion to compel (Doc. 38) and for sanctions (Docs. 39, 40) were still pending, and Defendant's Rule 30(b)(6) deposition, originally scheduled on September 30, 2016, is not available until at least November 3, 2016 due to Defendant's designated witnesses' health issues.   Doc. 41 at 2-3.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion.   *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).   Rule 16 requires a showing of good cause for modification of a court's scheduling order.   Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."   *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted).

Here, based on the ruling herein, the Court finds good cause to grant the requested extension.   The Court, however, notes that the parties already extended the CMSO deadlines once and are seeking the second extension.   Given the length of the extension granted here, the Court expects the parties to exercise their diligence in meeting the extended deadlines.   The parties' continued diligence and coordination also will eliminate the parties' future need to file additional motions to extend the deadlines.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Plaintiff Equal Employment Opportunity Commission's Motion to Compel Compliance with Court Order and for Sanctions (Doc. 38) is **TAKEN UNDER ADVISEMENT**.

2.      Plaintiff shall have up to and including **October 18, 2016** to file supplemental briefing on its hourly rate and the amount of time associated with the preparation and its filing of the motion to compel compliance and for sanctions (Doc. 38).

3.      Defendant shall have up to and including **October 21, 2016** to **SHOW CAUSE** in writing as to why sanctions should not be imposed for failure to comply with the Court Order (Doc. 26) and Rule 26(e) of the Federal Rules of Civil Procedure. **Failure to respond to this Order to Show Cause may result in the imposition of sanctions without further notice.**

4.      Plaintiff's Motion for an Order Holding Non-party Witness Maria del Lira Alvarado in Contempt (Doc. 39) and Motion for an Order Holding Non-party Witness Jose Carvalho in Contempt (Doc. 40) filed on October 5, 2016 are **GRANTED**.

5.      Non-party witnesses, Jose Carvalho and Maria del Lira Alvarado, shall have up to and including **October 27, 2016** to **SHOW CAUSE** in writing as to why sanctions should not be imposed for failure to obey federal subpoenas. **Failure to respond to this Order to Show Cause may result in the imposition of sanctions without further notice.**

6.      Jose Carvalho and Maria del Lira Alvarado shall appear at depositions on or before **October 27, 2016** at a place and time arranged by the parties.

7.      The Second Joint Motion to Extend Pre-trial and Trial Deadlines by Ninety (90) Days (Doc. 41) filed on October 11, 2016 is **GRANTED**.

8.      An amended case management and scheduling order will be issued under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 14 -